| Fill in this information to identify your case: | |
|---|---|
| United States Bankruptcy Court for the: NORTHERN DISTRICT OF OHIO | |
| Case number *(if known)* _____ Chapter **11** | |
| | ☐ Check if this an amended filing |

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy     4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**     Allied Consolidated Industries, Inc.

**2. All other names debtor used in the last 8 years**
Include any assumed names, trade names and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)**     38-2943797

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **2100 Poland Ave.** <br> **Youngstown, OH 44502** <br> Number, Street, City, State & ZIP Code | _____ <br> P.O. Box, Number, Street, City, State & ZIP Code |
| **Mahoning** <br> County | **Location of principal assets, if different from principal place of business** <br> _____ <br> Number, Street, City, State & ZIP Code |

**5. Debtor's website (URL)**     _____

**6. Type of debtor**
■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

| Debtor | Allied Consolidated Industries, Inc. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

____

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

■ No.
☐ Yes.

If more than 2 cases, attach a separate list.

| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | **See Attachment** | | Relationship | _____ |
| District | _____ | When | _____ | Case number, if known | _____ |

| Debtor | **Allied Consolidated Industries, Inc.** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in *this district?***  *Check all that apply:*

- ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply*.)

- ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____
- ☐ It needs to be physically secured or protected from the weather.
- ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
- ☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes. Insurance agency _____
       Contact name _____
       Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds** . *Check one:*

- ■ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

- ■ 1-49
- ☐ 50-99
- ☐ 100-199
- ☐ 200-999
- ☐ 1,000-5,000
- ☐ 5001-10,000
- ☐ 10,001-25,000
- ☐ 25,001-50,000
- ☐ 50,001-100,000
- ☐ More than 100,000

**15. Estimated Assets**

- ■ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

- ■ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

Official Form 201                **Voluntary Petition for Non-Individuals Filing for Bankruptcy**                page 3

16-40675-kw    Doc 1    FILED 04/13/16    ENTERED 04/13/16 12:55:55    Page 3 of 12

| Debtor | Allied Consolidated Industries, Inc. | Case number (*if known*) |
|---|---|---|
| | Name | |

| | Request for Relief, Declaration, and Signatures |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **April 11, 2016**
            MM / DD / YYYY

X **/s/ John R. Ramun**                                **John R. Ramun**
Signature of authorized representative of debtor        Printed name

Title  **President**

**18. Signature of attorney**

X **/s/ Melissa Macejko, Esq.**                        Date **April 11, 2016**
Signature of attorney for debtor                            MM / DD / YYYY

**Melissa Macejko, Esq.**
Printed name

**Suhar & Macejko, LLC**
Firm name

**29 E. Front St., 2nd Floor**
**P.O. Box 1497**
**Youngstown, OH 44501-1497**
Number, Street, City, State & ZIP Code

Contact phone  **(330) 744-9007**        Email address  **mmacejko@suharlaw.com**

**#0070974**
Bar number and State

Debtor **Allied Consolidated Industries, Inc.**
Name

Case number (*if known*) _____

---

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:
NORTHERN DISTRICT OF OHIO

Case number (*if known*) _____   Chapter **11**

☐ Check if this an amended filing

---

# FORM 201. VOLUNTARY PETITION

## Pending Bankruptcy Cases Attachment

| | | | | | |
|---|---|---|---|---|---|
| Debtor | **Allied Erecting & Dismantling Co., Inc.** | | Relationship to you | | **Subsidiary** |
| District | **Northern District of Ohio** | When **4/13/16** | Case number, if known | | **16-40672** |
| Debtor | **Allied Industrial Scrap, Inc.** | | Relationship to you | | **Subsidiary** |
| District | **Northern District of Ohio** | When **4/13/16** | Case number, if known | | **16-40673** |
| Debtor | **Allied-Gator, Inc.** | | Relationship to you | | **Subsidiary** |
| District | **Northern District of Ohio** | When **4/13/16** | Case number, if known | | **16-40674** |

## ACTION BY UNANIMOUS WRITTEN CONSENT
## OF THE DIRECTORS OF
## ALLIED CONSOLIDATED INDUSTRIES, INC.

The undersigned, being all of the Directors of Allied Consolidated Industries, Inc., an Ohio corporation (the "Corporation"), do hereby take and adopt the following resolutions by unanimous written consent as of the date set forth below:

WHEREAS, it is in the best interest of Corporation to file a voluntary petition in the United States Bankruptcy Court pursuant to Chapter 11 of Title 11 of the United States Code; and

BE IT FURTHER RESOLVED, that John R. Ramun, President of the Corporation and the other officers of the Corporation as designated by him in writing (each a "Designated Persons"), be and each hereby is authorized and directed to execute and deliver all documents necessary to perfect the filing of a Chapter 11 voluntary bankruptcy case on behalf of the Corporations; and

BE IT FURTHER RESOLVED, that John R. Ramun, President of the Corporation and the Designated Persons, be and each hereby is authorized and directed to appear in all bankruptcy proceedings on behalf of the Corporation, and to otherwise do and perform all acts and deeds and to execute and deliver all necessary documents on behalf of the Corporation in connection with or relating to the bankruptcy case; and

BE IT FURTHER RESOLVED, that John R. Ramun, President of the Corporation and each Designated Person be and each hereby is authorized and directed to engage Andrew Suhar, attorney and the law firm of Suhar & Macejko to represent the Corporation in such bankruptcy case and to engage Inglewood Associates, LLC to personal advisory services, each such engagement being subject to Bankruptcy Court approval after filing, as required by applicable law.

Dated as of: 4-8-16

_____
John R. Ramun

_____
John P. Ramun

BEING ALL OF THE DIRECTORS OF ALLIED CONSOLIDATED INDUSTRIES, INC.

This Resolution may be signed in one or more counterparts, each of which shall deemed an original, but all of which together will constitute one and the same agreement. The exchange of copies of this Resolution by facsimile and/or electronic transmission shall constitute effective execution of this Resolution and may be used in lieu of original Resolution for all purposes. Signatures of the Parties transmitted by facsimile and/or electronically shall be deemed to be their original signatures for all purposes.

Fill in this information to identify the case:
Debtor name: **Allied Consolidated Industries, Inc.**
United States Bankruptcy Court for the: **NORTHERN DISTRICT OF OHIO**
Case number (if known):

☐ Check if this is an amended filing

# Official Form 204
## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders 12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **United States Steel Corporation ATTN: Timothy J. Cornetti, Esq. 600 Grant St., Ste. 1500 Pittsburgh, PA 15219** | | **Alleged claims made in the case of Allied Erecting and Dismantling Co., Inc. v. United States Steel Corporation, Civil Action No. 4:12-CV-1390, U.S. D** | **Contingent Unliquidated Disputed** | | | **$0.00** |

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Northern District of Ohio

In re  **Allied Consolidated Industries, Inc.**  
Debtor(s)

Case No.  
Chapter  **11**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept | $ * |
   | Prior to the filing of this statement I have received | $ **3,609.50** |
   | Balance Due | $ * |

   \* Fees will be requested upon proper application

2. The source of the compensation paid to me was:

   ☒ Debtor ☐ Other (specify):

3. The source of compensation to be paid to me is:

   ☒ Debtor ☐ Other (specify):

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
      **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| 04/11/2016 | /s/ Melissa Macejko |
| *Date* | **Melissa Macejko, Esq. #0070974** |
| | *Signature of Attorney* |
| | **Suhar & Macejko, LLC** |
| | **29 E. Front St., 2nd Floor** |
| | **P.O. Box 1497** |
| | **Youngstown, OH 44501-1497** |
| | **(330) 744-9007  Fax: (330) 744-5857** |
| | **mmacejko@suharlaw.com** |
| | *Name of law firm* |

# United States Bankruptcy Court
## Northern District of Ohio

In re: **Allied Consolidated Industries, Inc.**
Debtor(s)

Case No.
Chapter **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| John R. Ramun<br>8243 N. Lima Rd.<br>Youngstown, OH 44514 | | 75% | |
| Michael Ramun<br>6659 Sturbridge Place<br>Youngstown, OH 44514 | | 25% | |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **President** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date **April 11, 2016**  Signature **/s/ John R. Ramun**
**John R. Ramun**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

# United States Bankruptcy Court
## Northern District of Ohio

In re  **Allied Consolidated Industries, Inc.**                                   Case No.
                                   Debtor(s)                                       Chapter  **11**

# VERIFICATION OF CREDITOR MATRIX

I, the President of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:  **April 11, 2016**                     **/s/ John R. Ramun**
                                              **John R. Ramun**/**President**
                                              Signer/Title

United States Steel Corporation
ATTN: Timothy J. Cornetti, Esq.
600 Grant St., Ste. 1500
Pittsburgh, PA 15219

United States Steel Corporation
c/o Michael R. Gladman, Esq.
JONES DAY
P.O. Box 165017
Columbus, OH 43216-5017

# United States Bankruptcy Court
## Northern District of Ohio

In re __Allied Consolidated Industries, Inc.__  
Debtor(s)

Case No. _____  
Chapter **11**

# CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for __Allied Consolidated Industries, Inc.__ in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

**April 11, 2016**  
Date

/s/ Melissa Macejko, Esq.  
**Melissa Macejko, Esq. #0070974**  
Signature of Attorney or Litigant  
Counsel for __Allied Consolidated Industries, Inc.__  
**Suhar & Macejko, LLC**  
**29 E. Front St., 2nd Floor**  
**P.O. Box 1497**  
**Youngstown, OH 44501-1497**  
**(330) 744-9007 Fax:(330) 744-5857**  
**mmacejko@suharlaw.com**