IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 16-40675 |
| | ) | (Substantively Consolidated) |
| | ) | |
| ALLIED CONSOLIDATED INDUSTRIES, INC. | ) | Judge Kay Woods |
| | ) | |
| Debtor/Debtor-in-Possession | ) | Chapter 11 |

## AMENDED OBJECTION TO PROOF OF CLAIM NUMBER 8 FILED BY THE OHIO DEPARTMENT OF TAXATION

NOW COMES Allied Consolidated Industries, Inc., as the above-captioned Debtor and Debtor-in-Possession (the "Debtor"), by and through counsel, and pursuant to 11 U.S.C. § 502 and Rule 3007 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), submits this objection to proof of claim number 8 (the "Claim") filed in case number 16-40672 by The Ohio Department of Taxation in the amount of $993,950.58. In support of this Objection, the Debtor states as follows:

### BACKGROUND

1. On April 13, 2016, Debtor Allied Consolidated Industries, Inc. and certain subsidiaries each filed a voluntary petition for relief under the provisions of Chapter 11 of the United States Bankruptcy Code.

2. The companies were substantively consolidated on July 11, 2016 (docket no. 123).

3. The Debtor has been operating its business as debtor-in-possession in accordance with §§ 1107 and 1108 of the Bankruptcy Code pending confirmation of the Debtor's plan of reorganization.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. On June 15, 2016, the Court entered an Order (docket no. 102) establishing August 16, 2016 as the deadline by which proofs of claim against the estate must be filed (the "Bar Date").

Notice of the Bar Date was mailed to all known creditors, claimants and other entities entitled to received notice pursuant to Bankruptcy Rule 2002.

6. On July 28, 2016, the purported claimant, The Ohio Department of Taxation filed with the Court Proof of Claim number 8 in the amount of 993,950.58 for taxes, interest and penalties due for 01/01/2009 through 09/30/2015 (Exhibit "A").

## OBJECTION TO THE CLAIM

7. The Debtor's records indicate that no tax, interest or penalties are due for the time period indicated on Proof of Claim number 8.

8. The Debtor herein incorporates the allegations asserted in the creditors trustee's complaint, Adversary #17-04033, a copy of which is attached hereto and labeled Exhibit B.

WHEREFORE, the Debtor respectfully requests that the Court enter an order: (a) disallowing the Claim, so that no further distributions will be required on account of such paid Claim; and (b) granting such additional relief as the Court deems appropriate.

GIBSON & MORAN LLC

/s/ Michael J. Moran
Michael J. Moran, #0018869
Attorney for John Lane, Trustee
234 Portage Trail
P.O. Box 535
Cuyahoga Falls, Ohio 44221
(330) 929-0507
(330) 929-6605 (fax)
mike@gibsonmoran.com

## CERTIFICATE OF SERVICE

I certify that, on January 10, 2018, a true and correct copy of this amended objection was served: Via the court's Electronic Case Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List:

David Belczyk, on behalf of United States Steel Corporation, dbelczyk@jonesday.com

Jeremy V. Farrell, on behalf of Laborers' Combined Funds of Western Pennsylvania, jfarrell@tuckerlaw.com

Michael R. Gladman, on behalf of United States Steel Corporation, mrgladman@jonesday.com

Matthew Gold, on behalf of Argo Partners, courts@argopartners.net

Neil J. Gregorio, on behalf of Laborers' Combined Funds of Western Pennsylvania, ngregorio@tuckerlaw.com

R. Scott Heasley, on behalf of Norfolk Southern Railway Co., sheasley@gallaghersharp.com

Joseph R. Macejko, on behalf of Allied Consolidated Industries, Inc., jaymacejko@suharlaw.com

Donald E. Miehls, on behalf of Tradesmen International, LLC, donald.miehls@tradesmeninternational.com
Scott A. Norcross, on behalf of Norfolk Southern Railway Co., snorcross@gallaghersharp.com

Charles Oellermann, on behalf of United States Steel Corporation, coellermann@jonesday.com

Joseph E. Oliver, on behalf of H&H Machine Shop of Akron, Inc., jeoco2@aol.com

Roy A. Powell, on behalf of Harry A. Readshaw, on behalf of Eckert Seamans Cherin & Mellott LLC, breadshaw@eckertseamans.com

Jonathan K. Schoenike, on behalf of Michael D. Ramun, schoenike@zoominternet.com

Richard P. Schroeter, on behalf of Bureau of Workers' Compensation, rschroeter@amer-collect.com

Frederic P. Schwieg, on behalf of Committee of Unsecured Creditors of Allied Consolidated, fschwieg@schwieglaw.com

Andrew M. Suhar, on behalf of Allied Consolidated Industries, Inc., asuhar@suhar.com

United States Trustee

Jerry M. Bryan, on behalf of Allied Consolidated Industries, Inc., jbryan@hendersoncovington.com

Melody Dugic Gazda, on behalf of Allied Consolidated Industries, Inc., mgazda@hendersoncovington.com

Charles E. Dunlap, on behalf of Allied Consolidated Industries, Inc., cedunlap76@charlesdunlaplaw.com

Corey Grimm, Interested Party, cgrimm86@gmail.com

Melissa Masejko, on behalf of Allied Consolidated Industries, Inc., mmacejko@suharlaw.com

Harry A. Readshaw, on behalf of Eckert Seamans Cherin & Mellot LLC, hreadshaw@eckertseamans.com

Jay M. Skolnick, on behalf of Nadler Nadler & Burdman Co., LPA, jmskolnick@nnblaw.com

Amy Good, on behalf of United State Trustee, amy.l.good@usdoj.gov

/s/ Michael J. Moran
Michael J. Moran, #0018869
Attorney for John Lane, Trustee
234 Portage Trail
P.O. Box 535
Cuyahoga Falls, Ohio 44221
(330) 929-0507
(330) 929-6605 (fax)
mike@gibsonmoran.com


EXHIBIT A

| Fill in this information to identify the case: | |
|---|---|
| Debtor 1 | ALLIED ERECTING & DISMANTLING CO INC |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Northern District of Ohio |
| Case number | 16-40672 |

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
The Ohio Department of Taxation
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Ohio Department of Taxation, Bankruptcy Div.
Name
P.O. Box 530
Number      Street
Columbus          OH          43216
City              State       ZIP Code

Contact phone (614) 752-6864
Contact email _____

Where should payments to the creditor be sent? (if different)

Attorney General of the State of Ohio
Name
150 E. Gay Street, 21st Floor
Number      Street
Columbus          OH          43215
City              State       ZIP Code

Contact phone (614) 466-3508
Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____ Filed on ___/___/_____
                                                                  MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                       Proof of Claim                       page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

6. Do you have any number you use to identify the debtor?

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

7. How much is the claim? $ 993,950.58 . Does this amount include interest or other charges?
☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. What is the basis of the claim?

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Ohio taxes

9. Is all or part of the claim secured?

☑ No
☐ Yes. The claim is secured by a lien on property.

Nature of property:
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

Basis for perfection: _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $ _____
Amount of the claim that is secured: $ _____

Amount of the claim that is unsecured: $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $ _____

Annual Interest Rate (when case was filed) _____%
☐ Fixed
☐ Variable

10. Is this claim based on a lease?

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____

11. Is this claim subject to a right of setoff?

☑ No
☐ Yes. Identify the property: _____

Official Form 410    Proof of Claim    page 2
16-40675-jpg   Doc 474   FILED 01/10/18   ENTERED 01/10/18 12:19:17   Page 6 of 18

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br>☑ Yes. Check one: | Amount entitled to priority |
|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | ☑ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ 881,918.75 |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ |

* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 07/28/2016
MM / DD / YYYY

/s/ Rebecca L. Daum #0046728
Signature

Print the name of the person who is completing and signing this claim:

| Name | Rebecca L. Daum |
|---|---|
| | First name — Middle name — Last name |
| Title | Administrator/Attorney |
| Company | Ohio Department of Taxation |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 30 E. Broad Street, 21st Floor |
| | Number Street |
| | Columbus OH 43216 |
| | City State ZIP Code |
| Contact phone | (614) 752-6864     Email |

# U.S. BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO, YOUNGSTOWN DIVISION
## AT YOUNGSTOWN

### PROOF OF CLAIM - OHIO DEPARTMENT OF TAXATION

| IN RE: | ALLIED ERECTING AND DISMANTLING CO., INC.<br>2100 POLAND AVE<br>YOUNGSTOWN, OH 44502-2751 | Chapter 11<br>Case No: 16-40672<br>Claim Date: July 27, 2016 |
|---|---|---|

The undersigned, whose office address is at 30 East Broad Street, Columbus, OH 43215-3414, is the duly appointed agent of the Tax Commissioner of the State of Ohio and is authorized to make this Proof of Claim on behalf of the claimant.

This claim supplements previously filed claim(s) dated: 6/30/2016.

The debtor is now indebted to the State of Ohio in the amount set forth below, as follows:

**1  Use Tax**                                    **Assessment No:**          **Estimate**

| | | | |
|---|---|---|---|
| 1. | Tax Due for 01/01/2009-09/30/2015 | | |
| 2. | Total Amount of Tax Due | $ 746,881.44 | Priority |
| 3. | Total Amount of Interest to Petition Date | $ 135,037.31 | Priority |
| 4. | Total Amount of Penalty Due | $ 112,031.83 | Unsecured |
| 5. | Total Amount of Assessment | $ 993,950.58 | |
| | **Total Priority Claim** | $ 881,918.75 | |
| | **Total Secured Claim** | $ 0.00 | |
| | **Total General Unsecured Claim** | $ 112,031.83 | |
| | **TOTAL AMOUNT DUE** | $ 993,950.58 | |

"Estimated" claims are filed when the Debtor has not filed all required returns. When the returns are filed, the claims will be adjusted as necessary. Please send the returns to the undersigned.

The amount of all payments have been credited and deducted for the purpose of making this Proof of Claim.

The tax and interest claims listed above are entitled to Priority in accordance with 11 U.S.C. § 507 (a)(8) except as specifically set forth as a General Unsecured claim. Any Penalty is a General Unsecured claim not otherwise entitled to Priority, except to the extent provided by 11 U.S.C. § 507(a)(8)(G).

Leave is requested to amend this Proof of Claim at a later date should any increased tax deficiency be disclosed or discovered.

/s/Rebecca L. Daum
0046728
Attorney/Administrator
Bankruptcy Division
Ohio Department of Taxation
PO Box 530, Columbus, OH 43216-0530
Phone: 1-614-752-6864
Fax: 1-614-995-0164
TTY/TDD Phone: 1-800-750-0750
Email: rebecca.daum@tax.state.oh.us
Alternate Email: shelly.todd@tax.state.oh.us

## NOTICE

All checks in payment of this claim should be made payable and forwarded to the Attorney General of the State of Ohio, Collection Enforcement, 150 E Gay Street, 21st Floor, Columbus, OH 43215.

All notices, pleadings and filings relating to this claim should also be forwarded to the Attorney General's office, at the above address and copied to the Ohio Department of Taxation, C/O Rebecca L. Daum at the undersigned address.



IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 16-40675 |
| | ) | (Substantively Consolidated) |
| ALLIED CONSOLIDATED INDUSTRIES, | ) | |
| INC. | ) | Adv. Pro. No. |
| | ) | |
| Debtor | ) | JUDGE KAY WOODS |
| | ) | |
| JOHN K. LANE, TRUSTEE | ) | |
| CREDITOR TRUST AGREEMENT | ) | |
| 9242 Headlands Road | ) | |
| Mentor, OH 44060 | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| STATE OF OHIO | ) | |
| DEPARTMENT OF TAXATION | ) | |
| USE TAX DIVISION | ) | |
| 30 E. Broad Street | ) | |
| Columbus, OH 43216 | ) | |
| | ) | COMPLAINT FOR DETERMINATION |
| Defendant | ) | OF TAX LIABILITY |

Now comes John K. Lane, Trustee of the Creditor Trust Agreement ("Plaintiff"), by and through his attorney, and hereby commences this proceeding pursuant to 11 U.S.C. § 505 in order to determine the tax liability of the Allied Consolidated Industries, Inc. as the substantively consolidated Debtor and Debtor in Possession and successor to, *inter alia*, Allied Erecting & Dismantling Co., Inc. ("Debtor") owing to the State of Ohio, Department of Taxation ("ODOT").

## Jurisdiction and Parties

1. This court has jurisdiction over the within adversary proceeding pursuant to 28 USC § 1334, 28 USC § 157, and the Order Confirming the Second Amended Plan of Reorganization. The claims set forth herein are core proceedings or are related proceedings and the plaintiff consents for this court to hear, determine, enter appropriate orders and judgments, including final judgment in the within proceeding.

2. The Plaintiff is the Trustee of the Creditor Trust Agreement, having been approved as Trustee pursuant to Order Confirming the Second Amended Plan effective on July 5, 2017.

3. ODOT is an agency of the State of Ohio and is responsible for the collection and administration of most state taxes in Ohio, including use taxes.

## Background Facts

4. On April 13, 2016 Debtor filed for relief under Chapter 11 of the Bankruptcy Code.

5. Debtor filed its Second Amended Joint Plan of Reorganization on May 2, 2017. The Plan provided for the establishment of a Creditor Trust to be administered by the Plaintiff. The Plan was confirmed by the Court on June 19, 2017.

6. The Creditor Trust grants Plaintiff the power to object to any claim and to prosecute claim objections.

7. ODOP filed proof of claim number 8-1 in the amount of $993,950.58. The Proof of claim states that $881,918.75 of this amount is a tax claim for use tax from 2009 through September 30, 2016 and the remaining $112,031.83 is an unsecured claim for penalties. See Exhibit A, Proof of Claim filed by ODOT.

## Count One- Determination of Tax Liability

8. Plaintiff hereby incorporates the preceding paragraphs as if fully rewritten herein.

9. Plaintiff disputes that the amount of tax owed to ODOT has been correctly calculated. Plaintiff bases his dispute on several factors:

    a. Certain equipment upon which ODOT based its use tax calculation is exempt from use tax.

  b. ODOT used tax year 2013 to formulate its assessment for a five year period. This tax year was not representative of a typical year of equipment purchases by Debtor resulting in an over-assessment of the actual tax owed.

  c. Debtor was assessed for a steel building which was dismantled and was intended to be reconstructed on site, but was never was.

10. The amount of the tax and penalty at issue has never been adjudicated by a judicial or administrative tribunal.

11. Plaintiff requests that this Court determine the correct amount of taxes and penalties owed to ODOT.

WHEREFORE, Plaintiff prays that this Court, pursuant to 11 U.S.C. § 505(a), determine the amount of use tax and penalties, if any, owed by Debtor to ODOT, for its attorney fees, and for such other and further relief as this Court may find to be just and equitable.

GIBSON & MORAN LLC

/s/ Michael J. Moran
Michael J. Moran  (#0018869)
Attorney for John K. Lane, Trustee of the Creditor Trust
234 Portage Trail, P.O. Box 535
Cuyahoga Falls, OH 44222
(330) 929-0507
(330) 929-6605 - Fax
mike@gibsonmoran.com

Fill in this information to identify the case:

Debtor 1    ALLIED ERECTING & DISMANTLING CO INC

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: Northern District of Ohio

Case number    16-40672

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
The Ohio Department of Taxation
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Ohio Department of Taxation, Bankruptcy Div.
Name
P.O. Box 530
Number    Street
Columbus    OH    43216
City    State    ZIP Code

Contact phone (614) 752-6864

Contact email _____

Where should payments to the creditor be sent? (if different)

Attorney General of the State of Ohio
Name
150 E. Gay Street, 21st Floor
Number    Street
Columbus    OH    43215
City    State    ZIP Code

Contact phone (614) 466-3508

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one): _____

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on ___/___/___
                                                                          MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                                Proof of Claim                                page 1

16-40672-kw    Claim No 8-1    FILED 07/28/16    Page 1 of 3
17-04033-kw    Doc 1    FILED 10/06/17    ENTERED 10/06/17 16:11:00    Page 4 of 8
16-40675-jpg    Doc 474    FILED 01/10/18    ENTERED 01/10/18 12:19:17    Page 13 of 18

## Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?**

$ _____993,950.58_____. Does this amount include interest or other charges?
☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Ohio taxes

**9. Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.

Nature of property:
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

Basis for perfection: _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $ _____
Amount of the claim that is secured: $ _____

Amount of the claim that is unsecured: $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $ _____

Annual Interest Rate (when case was filed) _____%
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition. $ _____

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

Official Form 410    Proof of Claim    page 2
16-40672-kw Claim No. 8-1 FILED 07/28/16 Page 2 of 3
17-04033-kw Doc 1 FILED 10/06/17 ENTERED 10/06/17 16:11:00 Page 5 of 8
16-40675-jpg Doc 474 FILED 01/10/18 ENTERED 01/10/18 12:19:17 Page 14 of 18

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☐ No ☑ Yes. Check one: | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | ☑ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ 881,918.75 |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ |

* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 07/28/2016

/s/ Rebecca L. Daum #0046728
Signature

Print the name of the person who is completing and signing this claim:

Name: Rebecca L. Daum
Title: Administrator/Attorney
Company: Ohio Department of Taxation
Address: 30 E. Broad Street, 21st Floor
Columbus, OH 43216
Contact phone: (614) 752-6864

Official Form 410 — Proof of Claim — page 3
16-40672-kw   Claim No. 8-1   FILED 07/28/16   Page 3 of 3
17-04033-kw   Doc 1   FILED 10/06/17   ENTERED 10/06/17 16:11:00   Page 6 of 8
16-40675-jpg   Doc 474   FILED 01/10/18   ENTERED 01/10/18 12:19:17   Page 15 of 18

## U.S. BANKRUPTCY COURT
### NORTHERN DISTRICT OF OHIO, YOUNGSTOWN DIVISION
### AT YOUNGSTOWN

### PROOF OF CLAIM - OHIO DEPARTMENT OF TAXATION

| IN RE: | ALLIED ERECTING AND DISMANTLING CO., INC.<br>2100 POLAND AVE<br>YOUNGSTOWN, OH 44502-2751 | Chapter 11<br>Case No: 16-40672<br>Claim Date: July 27, 2016 |
|---|---|---|

The undersigned, whose office address is at 30 East Broad Street, Columbus, OH 43215-3414, is the duly appointed agent of the Tax Commissioner of the State of Ohio and is authorized to make this Proof of Claim on behalf of the claimant.

This claim supplements previously filed claim(s) dated: 6/30/2016.

The debtor is now indebted to the State of Ohio in the amount set forth below, as follows:

**1  Use Tax**             **Assessment No:**      **Estimate**

1. Tax Due for 01/01/2009-09/30/2015
2. Total Amount of Tax Due      $ 746,881.44    Priority
3. Total Amount of Interest to Petition Date    $ 135,037.31    Priority
4. Total Amount of Penalty Due    $ 112,031.83    Unsecured
5. Total Amount of Assessment    $ 993,950.58

| | | |
|---|---|---|
| **Total Priority Claim** | $ | 881,918.75 |
| **Total Secured Claim** | $ | 0.00 |
| **Total General Unsecured Claim** | $ | 112,031.83 |
| **TOTAL AMOUNT DUE** | $ | 993,950.58 |

"Estimated" claims are filed when the Debtor has not filed all required returns. When the returns are filed, the claims will be adjusted as necessary. Please send the returns to the undersigned.

The amount of all payments have been credited and deducted for the purpose of making this Proof of Claim.

The tax and interest claims listed above are entitled to Priority in accordance with 11 U.S.C. § 507 (a)(8) except as specifically set forth as a General Unsecured claim. Any Penalty is a General Unsecured claim not otherwise entitled to Priority, except to the extent provided by 11 U.S.C. § 507(a)(8)(G).

Leave is requested to amend this Proof of Claim at a later date should any increased tax deficiency be disclosed or discovered.

BKPC0001
Contact ID: 9956320779

1 of 2

16-40672-kw    Claim No. 8-1 Part 2    FILED 07/28/16    Page 1 of 2
17-04033-kw    Doc 1    FILED 10/06/17    ENTERED 10/06/17 16:11:00    Page 7 of 8
16-40675-jpg    Doc 474    FILED 01/10/18    ENTERED 01/10/18 12:19:17    Page 16 of 18

/s/Rebecca L. Daum
0046728
Attorney/Administrator
Bankruptcy Division
Ohio Department of Taxation
PO Box 530, Columbus, OH 43216-0530
Phone: 1-614-752-6864
Fax: 1-614-995-0164
TTY/TDD Phone: 1-800-750-0750
Email: rebecca.daum@tax.state.oh.us
Alternate Email: shelly.todd@tax.state.oh.us

## NOTICE

All checks in payment of this claim should be made payable and forwarded to the Attorney General of the State of Ohio, Collection Enforcement, 150 E Gay Street, 21st Floor, Columbus, OH 43215.

All notices, pleadings and filings relating to this claim should also be forwarded to the Attorney General's office, at the above address and copied to the Ohio Department of Taxation, C/O Rebecca L. Daum at the undersigned address.

BKPC0001
Contact ID: 9956320779

2 of 2

16-40672-kw   Claim No.8-1 Part 2   FILED 07/28/16   Page 2 of 2
17-04033-kw   Doc 1   FILED 10/06/17   ENTERED 10/06/17 16:11:00   Page 8 of 8
16-40675-jpg   Doc 474   FILED 01/10/18   ENTERED 01/10/18 12:19:17   Page 17 of 18

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT YOUNGSTOWN

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 16-40675 |
| | ) | (Substantively Consolidated) |
| ALLIED CONSOLIDATED | ) | |
| INDUSTRIES, INC., et al. | ) | IN PROCEEDINGS UNDER |
| | ) | CHAPTER 11 |
| Debtor/Debtor in Possession | ) | |
| | ) | BANKRUPTCY JUDGE |
| | ) | KAY WOODS |

## NOTICE OF AMENDED OBJECTION TO CLAIM

John Lane, Trustee for the Creditors Trust, by and through his attorney has filed an Amended Objection to Claim No. 8 in this bankruptcy case.

**Your claim may be reduced, modified or eliminated. You should read these papers carefully and discuss them with your attorney, if you have one.**

If you do not want the court to eliminate or change your claim, then on or before
February 10th, 2018,
You or your lawyers must:

File with the court a written request for hearing {or, *if the court requires a written response,* an answer, explaining your position} at:

> Clerk of the U.S. Bankruptcy Court
> Nathaniel R. Jones Courthouse
> 10 East Commerce Street
> Youngstown, OH 44503

If you mail your request/response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also mail a copy to:

> Michael J. Moran, Esq.
> Attorney for the John Lane
> 234 Portage Trail, P.O. Box 535
> Cuyahoga Falls, Ohio 44222

If you or your attorney to not take these steps, the court may decide that you do not oppose the objection to your claim.

Date: January 10, 2018        /s/ Michael J. Moran
       Michael J. Moran #0018869
       234 Portage Trail
       Cuyahoga Falls, OH 44221